The Law Office of Olaf W. Hedberg
Olaf W. Hedberg, State Bar #151082
901 H St., Suite 673
Sacramento, California 95814
(916) 447-1192 office
ohedberg@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| THE UNITED STAES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL MARZIAL,<br><br>    Defendant. | Case Number:  2:15-CR-164-TLN<br><br>**STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE**<br><br>**Date: July 27, 2017**<br>**Time: 9:30 am**<br>**Judge: Hon. Troy L. Nunley** |

Plaintiff United States of America, by and through its counsel of record, and the Defendant, by and through Attorney Olaf Hedberg, hereby stipulate as follows:

1.   Attorney Hedberg believes that certain linguistic issues exist regarding Defendant Manuel Marzial's ability to understand the Spanish language used by the interpreters in this case so far;

2.   On June 28, 2017 at about 4 pm Attorney Hedberg was notified by AUSA Ross Naughton of the identity of an individual (Charles Speck) who may speak the appropriate Zapotec language and could potentially be used as an interpreter in the matter at bar. At the same time Mr. Naughton notified Interpreter Coordinator Yolanda Riley-Portal of the same individual;

3.      On June 29, 2017 Attorney Hedberg spoke with Ms. Riley-Portal regarding this individual. During that contact Ms. Riley-Portal indicated that the potential interpreter may be appropriate, however she did could not make that determination until the potential interpreter has had an opportunity to speak with Defendant Marzial;

4.      On June 30, 2017 Attorney Hedberg contacted Rebecca Rubinstein, Interpreter Coordinator for the USDC in Fresno regarding this potential interpreter. She indicated that the potential is an elderly man who lives in Arizona and will not travel. She also told me that the attorney in Fresno who used Mr. Speck had to use a cell phone set on speakerphone for much of the case.

5.      I have contacted Mr. Speck and spoken with him regarding this issue. He appears to have spent considerable time living in the community that my client comes from and claims to be fluent in Texmelucan, the language of my client.

5.      On July 5, 2017 Attorney Hedberg was sent out to jury trial in the Sacramento superior Court in the case of *People v. Joseph Fair* 15F00003, and remained engaged in trial until July 19, 2017. During that time I contacted Ms. Laura Davis of the US Marshall's office regarding my need to visit Mr. Marzial in the Nevada County jail with permission to take a cell phone with me, using a full contact visit room (to make sure the cell phone can be heard) at a time established with Mr. Speck in advance. Counsel's experience visiting clients in Nevada County has informed him that this will need to be coordinated with officials in Nevada County as that jail prohibits cell phones in the facility, provides professional visit space on a first come first served basis and has only one full contact visit area.

6.      I have been given contact information for an official at the Nevada County jail and am currently actively engaged in the process of setting up the visit.

7.      Therefore the parties stipulate as follows:

2

a. The Status Conference set for July 27, 2017 at 9:30 am be taken off calendar, and the matter be set for a Status Conference at the same date and time as the rest of the Defendants in this case, September 28, 2017 at 9:30 am;

b. Significant issues involving counsel's ability to communicate with his client exist. Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for investigation of the possibility of using Mr. Charles Speck as a translator or moving ahead with the previously filed Motion to Dismiss, taking into account the exercise of due diligence.

c. The government does not object to the continuance.

d. This stipulation does not constitute a waiver by the Government of their right to respond to any motion either filed or renewed by Defendant based on alleged inadequacy of interpreter services;

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 27, 2017, to September 28, 2017 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED

Respectfully submitted

/s/ Olaf W. Hedberg                                            /s/ Ross Naughton
Olaf W. Hedberg                                                Ross Naughton
Attorney for Manuel Marzial                        Assistant United States Attorney

## ORDER

GOOD CAUSE APPEARING, it is hereby ordered that the July 27, 2017 status conference be continued to September 28, 2017 at 9:30 a.m. I find that the ends of justice warrant an exclusion of time and that the defendant's need for continuity of counsel and reasonable time for effective preparation exceeds the public interest in a trial within 70 days. THEREFORE IT IS FURTHER ORDERED that time be excluded pursuant to 18 U.S.C. § 3161 (h) (7) (B) (ii) and Local Code T4 from the date of this order to September 28, 2017 at 9:30 a.m.

IT IS SO ORDERED.

Dated: July 24, 2017

Troy L. Nunley
United States District Judge